THIBODEAUX, Chief Judge,
Concurring In Part & Dissenting In Part.
|!While I concur with the majority on the apportionment of fault, I disagree with its assessment of damages.
Curiously, the majority focuses the greater part of its analysis on the testimony of the defendants’ physicians, all of whom were hired for litigation purposes, not for medical treatment. The third circuit has explained that “[i]t is well settled that the testimony of an attending physician should be accorded more weight and probative value than that of a physician who has made an examination solely for the purpose of giving expert testimony regarding a patient’s condition.” Streeter v. Sears, Roebuck and Co., Inc., 533 So.2d 54, 70 (La.1988), writ denied, 536 So.2d 1255 (La.1989) (citations omitted).
The accident occurred on August 28, 2008. The defendants’ physicians upon whom the majority relies did not examine Ms. Hatch until thirty months post-accident. One of those physicians, Dr. Culver, has been the subject of less than complimentary comments in Fontenot v. Wal-Mart, 08-158 (La.App 3 Cir. 3/4/09), 5 So.3d 298, writ denied, 09-0770 (La.5/29/09), 9 So.3d 165. Despite Dr. Bernard’s assertion of a soft-tissue injury lasting for five to 12six months and resolving by January 2009, Ms. Hatch was treated by her neurosurgeon at least six times in 2009.
Dr. Wael Karim, Ms. Hatch’s neurologist, confirmed her injury utilizing pinprick sensation in the cervical C5-C6 area. This injury manifested itself through at least 2011. Dr. Steven Stakes confirmed a disc tear at C5-C6 in January 2011, two years after Dr. Bernard speculated that Ms. Hatch should have recovered.
All six of Ms. Hatch’s treating physicians confirmed and testified regarding her objective injuries. All related her injuries to the accident. The defendants presented no evidence of a superseding or intervening cause; indeed none existed.
The jury obviously placed little weight or gave no credence to the defendants’ assertion of a minimal soft-tissue injury. It awarded $10,000.00 in future medicals, thus indicating some need for future medical intervention. Yet it failed to award her documented past medical expenses of $164,796.81. This was manifest error. The past medical expenses in the amount requested should have been awarded.
Given the greater degree of weight that should rightfully be accorded to physicians who actively treated Ms. Hatch, the jury was manifestly erroneous as well in its award of general damages. I would amend the judgment and award $150,000.00 in past physical and mental pain and suffering; $50,000.00 in future physical and mental pain and suffering; and $30,000.00 in loss of enjoyment of life.
*143 For the foregoing reasons, I respectfully dissent in part.